IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 97-31207
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL ENRIQUE MATUS,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
(97-CR-50014-1)

November 20, 1998

Before JOHNSON, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Raul Enrique Matus appeals his guilty plea conviction of possession with intent to distribute over 100 kilograms of marijuana. Specifically, Matus argues that the district court erred in denying his motion to suppress the drugs found in his vehicle because (1) the officer did not have probable cause to stop the defendant, (2) the officer exceeded the scope of the traffic stop by asking to search the vehicle, and (3) the defendant's consent to search was not given voluntarily.

This Court reviews a "district court's findings of fact for clear

[*] Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

error and its conclusions of law *de novo*, viewing the evidence in the light most favorable to the government, unless inconsistent with the trial court's findings or found to be clearly erroneous after considering the evidence as a whole." U.S. v. Zucco, 71 F.3d 188, 190 (5th Cir. 1995); see also United States v. Cooper, 43 F.3d 140, 144 (5th Cir. 1995). Whether consent was given voluntarily is a question of fact which will only be reversed if clearly erroneous. See Zucco, 71 F.3d at 191; United States v. Shabazz, 993 F.2d 431, 438 (5th Cir. 1993). When the evidence includes credibility assessments, the standard is applied even more deferentially. See Zucco, 71 F.3d at 191.

Matus first contends that he was stopped in violation of the Fourth Amendment because the officer did not have probable cause. After a careful review of the transcript from the suppression hearing, we hold that the district court was not clearly erroneous in finding that the officer had probable cause to believe that Matus had executed an illegal lane change.

Matus next argues that the officer exceeded the scope of the stop by requesting to search the vehicle. The record shows that this request was made while the detention was still justified by the facts justifying the initial stop. See Zucco, 71 F.3d at 190-91; Shabazz, 993 F.2d at 438.

Finally, Matus contends that the district court erred in denying the motion to suppress because his consent was not voluntarily given. Specifically, Matus argues that he did not freely consent because he could not understand English, and was not presented with an explanation in Spanish. The record shows that in making a credibility assessment

2

based on oral testimony given at the hearing, the district court found that Matus could understand English.  Under the clearly erroneous standard articulated by this Court in matters of credibility, the district court did not err.

AFFIRMED.